In correspondence dated August 5, 1997, plaintiff's counsel requested a continuance of the above-referenced matter from the August 13, 1997, Full Commission hearing docket. Plaintiff's written request clearly failed to copy defense counsel and upon representations made by defense counsel, defendant was never made aware by plaintiff of said request and, in fact, appeared for the scheduled argument and was ready to proceed. The undersigned attempted to contact plaintiff by telephone on August 14, 1997, to discuss this matter and was informed that plaintiff's counsel would be out of his office until August 18, 1997. Plaintiff's counsel was requested to call the Chairman of the Commission upon his return, but has not done so as of today's date.
Accordingly, the undersigned have decided, pursuant to Rule 701(8) of the North Carolina Workers' Compensation Rules, to waive oral arguments in this appeal to proceed to consider the appeal based upon the record and written submission of the Form 44 and brief.
The sole issue on appeal is whether or not a voluntary dismissal without prejudice should have been allowed by the hearing officer when tendered by the employee-plaintiff.
The undersigned have reviewed the Deputy's opinion and award based upon the record of the proceedings before the Deputy Commissioner. The appealing party has not shown good grounds to reconsider the evidence. Further, the Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives at this time, as sufficient convincing evidence exists in the record to support their findings of fact, conclusion of law, and ultimate order as well as their reasonings for the same.
* * * * * * * * * * * *
This case was initially heard before the Deputy Commissioner in Troy on March 29, 1996. Prior to the initial hearing, the parties entered into a Pre-Trial Agreement. This Pre-Trial Agreement is incorporated herein by reference. Following the initial hearing, the record was held open in order to allow the parties to depose medical experts and lay witnesses. On April 2, 1996, the Deputy Commissioner filed an order giving the parties 180 days within which to complete the depositions in this case. The parties were ordered to exchange medical records and to conduct the deposition of lay witness Ralph Patterson within sixty days of the filing of the April 2, 1996 order. On June 5, 1996, counsel for the plaintiff made a motion to extend the time for exchanging medical records. On June 10, 1996, the Deputy Commissioner filed an order giving the parties fifteen days beyond that order to complete the lay deposition of Ralph Patterson and to exchange the medical records. The Deputy Commissioner further ordered the parties to notify him, prior to the date the matter had been ordered to be completed, of any difficulties that required the need for relief from that order.
The parties did not comply with the June 10, 1996 order. On August 22, 1996, counsel for plaintiff filed a motion to dismiss without prejudice with the Executive Secretary's office. A copy of this motion was not sent to the Deputy Commissioner from counsel for the plaintiff. The Executive Secretary's office sent the motion to the Deputy Commissioner. In a teleconference with counsel for the plaintiff, the Deputy Commissioner instructed counsel for the plaintiff to send a motion and an explanation to the Deputy as to why he should grant a voluntary dismissal without prejudice. On September 27, 1996, the Deputy Commissioner received a copy of plaintiff's motion for a voluntary dismissal without prejudice. This motion was addressed to Deputy Commissioner Hoag. On October 14, 1996, Deputy Commissioner Berger issued an order denying plaintiff's motion for a voluntary dismissal without prejudice. Upon the receipt of the contentions from both parties, the record in this matter was closed on November 18, 1996. The contentions submitted by counsel for the plaintiff made reference to a set of VA hospital records. These records were not received by the Deputy Commissioner. In a letter dated December 2, 1996, counsel for the defendant notified Deputy Commissioner Berger that the defendant had not ever been provided any medical records and had not stipulated to any medical records. No medical records were received by Deputy Commissioner Berger in this matter. No depositions were conducted in this matter.
* * * * * * * * * * *
The undersigned find as facts and conclude as matters of law the following which were entered into by the parties at the initial hearing as
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
* * * * * * * * * * *
Based upon all of the competent, credible and convincing evidence in the record, the undersigned make the following
FINDINGS OF FACT
1. There is a lack of sufficient expert medical evidence to support a finding that plaintiff has contracted an occupational disease as a result of his employment with the defendant-employer.
2. There is a lack of sufficient expert medical evidence to support a finding that plaintiff was placed at an increased risk of contracting an occupational disease as a result of his employment with the defendant-employer.
3. No adequate reasoning was ever presented to the Deputy Commissioner or the undersigned as to why a motion to obtain a voluntary dismissal without prejudice should have been granted.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the competent or convincing evidence that he has sustained an occupational disease as a result of his employment with the defendant-employer. N.C. Gen. Stat. § 97-53.
2. Deputy Commissioner Berger did not err in failing to allow plaintiff's motion to take a voluntary dismissal without prejudice. The undersigned believe the ruling was correct and justified under the circumstances of this case.
* * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following
ORDER
1. Plaintiff's motion to order the defendant to pay for an expert to conduct an examination, and review the medical documentation is HEREBY DENIED.
2. Plaintiff's claim is HEREBY DENIED.
3. Each side shall bear its own costs. Defendant's request for attorney's fee and mileage associated with the Full Commission appeal is, in the discretion of the undersigned, HEREBY DENIED.
 S/ ____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ____________ COY M. VANCE COMMISSIONER
S/ ____________ MORGAN S. CHAPMAN COMMISSIONER
JHB/nwm 09/24/97